Gregory P. Sitrick
Arizona Bar No. 028756
gsitrick@messner.com
MESSNER REEVES LLP
2415 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 457-5059
Facsimile: (303) 623-0552

Attorneys for Plaintiff Cozy Comfort
Company LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COZY COMFORT COMPANY LLC | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION** |
| v. | |
| DAVIE CLOTHING PTY LTD, and BEDABOX LLC | |
| Defendants. | Demand for Jury Trial |

Plaintiff COZY COMFORT COMPANY LLC ("Cozy Comfort" or "Plaintiff"), by and through its attorneys, for its Complaint against defendants DAVIE CLOTHING PTY LTD ("Davie Clothing") *and* BEDABOX LLC ("Bedabox") (collectively the "Defendants") alleges as follows:

## INTRODUCTION

1.     This action arises from Defendants' willful and deliberate copying of Plaintiff's patented product design for a hooded wearable blanket and Defendants' subsequent importation and distribution of this infringing product(s) within the United States.  Defendants' direct imitation of Plaintiff's product sought to cash in on the designs, technology and global market created by Plaintiff in hooded wearable blankets.  However, the marketing, importation and sale of such product(s) within the United States infringe upon the intellectual property rights of Plaintiff. This illegal practice will continue unless and until the Court puts an end to it.

2.     By this action Plaintiff seeks permanent injunctive relief, money damages, exemplary damages and attorneys' fees arising from Defendants' (i) patent infringement under the Patent Act, 35 U.S.C. § 271; (ii) federal trade dress infringement and unfair competition under the Lanham Act; (iii) common law trade dress infringement and unfair competition under Arizona law; and (iv) unjust enrichment.

## PARTIES

3.     Plaintiff is a limited liability company formed under the laws of Arizona with a principal place of business located in Cave Creek, Arizona.

4.     Upon information and belief, Defendant Davie Clothing is a limited liability company organized in Australia and has its principal place of business in Australia.

5.    Upon information and belief, Defendant Bedabox is a limited liability company organized under the laws of Florida with a principal place of business in Fort Lauderdale, Florida.

6.    Plaintiff is the owner of intellectual property in relation to its flagship product, a hooded wearable blanket known as "THE COMFY", as well as other related and associated designs, products and services.

## JURISDICTION AND VENUE

7.    This is an action for infringement against Defendants brought under the Patent Act, 35 U.S.C. § 271 based upon Defendants' unauthorized commercial manufacture, use, importation, offer for sale and sale of wearable blankets which infringe upon United States ("U.S.") Patent Numbers D859,788 and D905,380. Plaintiff also alleges infringement of trade dress protections afforded under the Lanham Act, 15 U.S.C. §1051, *et seq*. and Unfair Competition under federal and common law and afforded by the laws of the State of Arizona.

8.    This Court holds original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. § 1338(b) (state claim of unfair competition joined with substantial and related federal claim under trademark laws); 28 U.S.C. § 1367 (supplemental jurisdiction); and, the doctrines of ancillary and pendent jurisdiction.

9.    This court has personal jurisdiction over Defendants because Defendants conduct business throughout the United States, including within the state of Arizona, and have committed in this District the acts of patent and trade dress infringement, and federal and state unfair competition, which have given rise to this action.

10.    Venue is proper in this District as Defendants have advertised to and derived revenue from sales of products to citizens within this District and have engaged in systematic and continuous business contacts within this State. Defendants have availed themselves of the laws of the United States by seeking

federal registrations under its trademark laws for United States trademarks in relation to the marketing, sale and distribution of the product(s) in dispute. Defendants have had and continue to have significant contact with the state of Arizona through their U.S. based websites, through U.S. based sales via Amazon.com, distribution of products throughout the U.S., and have purposefully availed themselves of Arizona's laws.

## BACKGROUND

11.    THE COMFY was created by Brian Speciale and Michael Speciale (collectively "the Speciales") in April 2017.  The Speciales are entrepreneurs whom are citizens of the State of Arizona.

12.    THE COMFY is an oversized wearable item designed for cozy warmth. THE COMFY features a hood, cuffs, large arm coverings, and covers the majority of a person's upper and lower body.  THE COMFY is known for its high-quality materials and construction, featuring a layer of fleece microfiber on one side and thick sherpa-type material on the opposite layer.  THE COMFY also features a large front pocket designed to allow its wearer to insert his or her hands for comfort, storage or warmth.  A logo of THE COMFY is featured on the lower left side portion of this pocket.  The product is sold in a variety of colors.  A sample image of the product appears below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



13.    In April 2017, to facilitate the development and distribution of THE COMFY, as well as the growth of the business developing around the product, the Speciales organized Plaintiff, an Arizona limited liability company.

14.    In May 2017, to solicit funds for its expanding business, Plaintiff, through the Speciales, auditioned for the nationally broadcast television show, *Shark Tank*. *Shark Tank* is a significantly popular and well-known reality show in which businesses and/or product owners showcase their ideas to a panel of investors, referred to on the show as "sharks."  The show is broadcast in the U.S. on the ABC network, is featured on the cable network CNBC, and is available on demand on Hulu and other streaming platforms.  The show has won multiple Emmys for Outstanding Structured Reality Program.  The format is significantly popular with licensed versions of the show produced and broadcast in many countries around the world including Canada, Mexico, China, New Zealand and Australia.

15.    After several rounds of successful auditions with the producers of *Shark Tank*, the Speciales were approved to appear on the program to pitch and feature THE COMFY on the 2017 end-of-the-year, holiday-themed episode of *Shark Tank*.

16.    On September 13, 2017, Plaintiff, as the assigned owner of the rights to the design of THE COMFY, filed a patent application related to its designs, United States Patent and Trademark Office ("USPTO") Application No. 29/617,421.  Two years later, on September 17, 2019, that application matured into U.S. Patent No. D859,788 (the "'788 Patent"). A true and correct copy of the '788 Patent is attached hereto as **Exhibit 1** and incorporated by reference.

17.    On December 3, 2017, the episode of *Shark Tank* featuring THE COMFY premiered in the U.S.  On the episode, the Speicales discussed the potential success of a business surrounding THE COMFY.

18.    On the episode of *Shark Tank*, the Speciales displayed and discussed several attributes of THE COMFY.  This included the shape of the product, the materials used in its construction (fleece and sherpa), the attached hood, the front pocket and the fit of THE COMFY over the arms and body.

19.    On the episode, several "shark" panelists displayed significant enthusiasm regarding the product.  On air, two of the sharks proposed investing into Plaintiff.  Ultimately, Plaintiff agreed to a proposal from one of the show's sharks to invest into the business.

20.    Immediately following the airing of the 2017 *Shark Tank* episode featuring THE COMFY, interest in and exposure to THE COMFY skyrocketed. The product was not only featured on a popular, nationally broadcast television program, but there was substantial exposure of THE COMFY through initial orders, positive online reviews, online video clips and social media postings.

21.    Plaintiff developed several other designs in addition to its original THE COMFY.  Plaintiff owns multiple U.S. Patents relating to its designs, as well as

multiple U.S. Trademark registrations and other common-law intellectual property assets.

22. Plaintiff established and maintained a company website located at https://thecomfy.com/, which since 2017 has displayed Plaintiff's products, and makes its products available for sale in the U.S. and throughout the world through Amazon and other online and brick-and-mortar retailers.

23. Through its activities, Plaintiff established itself as an innovator and leader in the wearable blankets market. In response to the success of THE COMFY, online retailer Amazon created the new category of products on its platform(s) labeled Wearable Blanket.

24. Cozy Comfort and its resellers have expended millions of dollars since 2017 advertising and promoting THE COMFY sold using Cozy Comfort's Trademarks and Trade Dress in the United States. Such advertising and promotion has been featured in print and electronic media, over the Internet, and in a variety of other media. THE COMFY has also been advertised, promoted and sold by and through nationally recognized retail establishments such as Costco, Bed Bath & Beyond, QVC, Sam's Club, Kohl's, Target and Kroger.

25. In addition to *Shark Tank*, THE COMFY featuring Cozy Comfort's Trade Dress had also been seen in streaming videos and numerous other television programs viewed by many millions of Americans, such as Good Morning America. THE COMFY has received extensive unsolicited media coverage and public exposure from celebrities such as Lizzo, Jamie Lynn Spears, Selena Gomez, Cindy Crawford, Kim Kardashian and Kylie Jenner. In January of 2018, Plaintiff produced and posted a video on THE COMFY that has received over 100 Million views.

26. Cozy Comfort has achieved hundreds of millions of dollars of sales of THE COMFY using Cozy Comfort's Trademarks and Trade Dress. THE COMFY is currently the best-selling wearable blanket in the United States.

27.    THE COMFY brand and designs are recognized in the U.S. and worldwide as the industry standard in hooded wearable blankets.  The style of THE COMFY has acquired distinctiveness within the market based upon worldwide sales and exposure. Cozy Comfort's Trade Dress has acquired distinctiveness by virtue of extensive sales and adverting of THE COMFY featuring Cozy Comfort's Trade Dress, extensive consumer recognition of the Cozy Comfort's Trade Dress, and association of Cozy Comfort's Trade Dress with THE COMFY.

28.    Plaintiff's '788 Patent protects "The ornamental design for an enlarged over-garment with an elevated marsupial pocket, as shown and described." The issued patent features ten (10) Figures.  Figure 1 of the '788 Patent illustrates a front view of the invention as shown below:



U.S. Patent          Sep. 17, 2019        Sheet 1 of 8          US D859,788 S

FIG. 1

29.    Figure 4 of the '788 Patent illustrates the invention without a person wearing it:

**COMPLAINT AND DEMAND FOR JURY TRIAL**



(Rotated clockwise by 90 degrees)

30.    Plaintiff is also the owner of U.S. Patent No. D905,380 (the "'380 Patent") entitled "Whole body blanket" issued December 22, 2020.  A true and correct copy of this patent is attached hereto as **Exhibit 2** and incorporated by reference.

31.    Figure  1 of the '380 Patent illustrates the invention with dotted lines indicating optional features.



(Rotated clockwise by 90 degrees)

32.    Upon information and belief, Defendant Davie Clothing was organized as a limited liability company in Australia on November 1, 2018.

33.    Upon information and belief, Defendant Davie Clothing is the owner, distributor and/or manufacturer of the product known as "THE OODIE", a product that Defendant Davie Clothing describes as a wearable blanket with sleeves.  The product is sold in a variety of colors. A sample image of THE OODIE, taken from one if its websites, appears below:



34.    Upon information and belief, Defendant Davie Clothing, nor any of its direct affiliates or parent companies, sold wearable blankets or any similar wearable items, prior to December 2017.

35.    Upon information and belief Defendant Davie Clothing began displaying and offering THE OODIE for sale from its company's Australia-based website, https://theoodie.com, in 2018.  In describing THE OODIE, Defendant Davie Clothing's website stated that "We use ultra soft flannel fleece paired with warm sherpa fleece so you don't have to worry about the cold. Some think it's a blanket. Some think it's a hoodie. Either way we know your [sic] going to be cosiest in The Oodie."

36.    Upon information and belief, Defendant Davie Clothing initially shipped THE OODIE only to customers within Australia and New Zealand. However, through various means, including through agreement with and use of the services of Defendant Bedabox, Defendants began importing and/or shipping THE OODIE to customers in other regions throughout the world, including the United States.

37.    Defendant Davie Clothing has established websites throughout the world for customers in various countries to purchase THE OODIE.  This includes a

website dedicated to advertising and selling products to U.S.-based customers, https://us.theoodie.com/.  Defendant Davie Clothing also owns domains to target customers located in other countries including theoodie.co.uk, theoodie.co.no, ca.theoodie.com, theoodie.de, jp.theoodie.com and theoodie.fr.  Based upon information and belief, these products are distributed to U.S. customers by Defendant Bedabox.

38.    Defendant Davie Clothing also sells THE OODIE to U.S.-based customers through a storefront maintained on the U.S.-based Amazon.com platform. Products displayed and listed for sale are intended to be shown to U.S.-based customers for direct shipment of THE OODIE to addresses located within the United States.

39.    On November 3, 2020, Defendant Davie Clothing filed an application with USPTO for trademark protection within the United States for a design mark incorporating the term "The Oodie" in relation to the sale of "Wearable blankets in the nature of blankets with sleeves."  Within its application, Defendant attested that it has sold such products in commerce within the United States since November 2, 2018.  This application presently remains pending with the USPTO.  A true and correct copy of the summary of the status of this application from the Trademark Electronic Search System (TESS) of the USPTO is attached hereto as **Exhibit 3** and incorporated by reference.

40.    THE OODIE is sold in a variety of colors and decorative designs. However, the construction and design of THE OODIE is substantially the same as those described in the '788 Patent, the '380 Patent, and within the trade dress of THE COMFY.

41.    Defendant Davie Clothing advertises THE OODIE as being designed after an oversized "6XL Hoodie" also including a front pocket, elastic wrist cuffs, a waist measurement of 193 centimeters [80 inches], front length of 76 centimeters [30 inches], and back length of 94 centimeters [37 inches].

42. THE OODIE is substantially the same product as THE COMFY. A side by side comparison between a display found on Defendant's U.S. website, us.theoodie.com, and Figure 1 from the '788 Patent exhibit the overwhelming sameness:



43. Additionally, promotional materials featured on social media accounts controlled by Defendant Davie Clothing and/or its related entities further display the sameness of THE OODIE to the intellectual property of Plaintiff. In the comparison below, the image on the left appears on Defendant's Instagram page, https://www.instagram.com/the_oodie/, and the image on the right is Figure 10 from the '788 Patent.



44.    Images from Defendant Davie Clothing's U.S. website further display the sameness of THE OODIE to the intellectual property of Plaintiff.  In the comparison below, the image on the left appears on Defendant's webpage at us.theoodie.com/products/grey-oodie, and the image on the right is Figure 10 from the '788 Patent.



45.    Plaintiff purchased sample products from Defendant Davie Clothing's storefront named "The Oodie" on the U.S. version of Amazon.com, and from Defendant Davie Clothing's website, us.theoodie.com, to examine the similarities

between THE OODIE and the intellectual property owned by Plaintiff.  Comparison of photographs of a sample product purchased, and Figures 5 and 6 from the '380 Patent shows the following:





FIG. 5





FIG. 6

46.    The sample products purchased through Amazon.com were missing Registered Identification Number markings issued by the Federal Trade Commission.   The Textile Fiber Products Identification Act, 15 U.S.C. §70, et. seq. requires that textile products be labeled with the name under which a seller of textile products does business.  The regulations require that either the business name,

registration identification number or trademark registered with the U.S. Patent and Trademark Office appear on the label. Defendants' products do not display any of the required identification marks on their labels. Upon further investigation, Plaintiff discovered that Defendant Davie Clothing imports THE OODIE into the U.S. under two different Harmonized Tariff Schedule codes, presumably to avoid paying the appropriate duties.

47.    The packaging from the sample product purchased by Plaintiff from us.theoodie.com website bore markings that the product was shipped by "ShipMonk", a product service owned by Defendant Bedabox.

48.    Defendant Bedabox maintains a website for its ShipMonk services at https://www.shipmonk.com/.  Defendant Bedabox advertises ShipMonk as a scalable order fulfillment service for eCommerce businesses.

49.    On the ShipMonk website, Defendant Bedabox describes the general process by which ShipMonk services its customers at https://www.shipmonk.com/how-it-works.  Based upon information and belief, ShipMonk enters into agreements with foreign-based companies that are seeking shipping solutions for customers located in the United States.  These foreign companies list products for sale on the Internet.  The foreign company then ships the products from overseas to ShipMonk, located within the United States, based upon negotiated rates.  After receiving such products from overseas, ShipMonk individually sorts and ships the products to U.S. addresses via discounted rates that ShipMonk has negotiated with local carriers such as FedEx, UPS, DHL and the United States Postal Service.

50.    Upon information and belief, ShipMonk has direct access to information from its foreign-based clients' online selling accounts and gathers information regarding each sale made.  Upon information and belief, Defendant Bedabox and Defendant Davie Clothing have an agreement through which

Defendant Bedabox provides fulfillment services to U.S.-based customers whom make purchases of THE OODIE through Amazon.com, https://us.theoodie.com/, and/or other online platforms.

51.    Through vast sales, promotion, and publicity surrounding THE COMFY, Plaintiff has acquired distinctiveness in the look and feel of THE COMFY.  Plaintiff is an innovator in the wearable blanket industry, as recognized by the USPTO through the issuance of multiple patents as well as its performance within the market.  Plaintiff has expended substantial sums in marketing and advertising its products and enjoy a substantial share in the market for wearable blankets in the United States.

52.    Due to the extensive marketing, promotion, and sales of THE COMFY, customers recognize Cozy Comfort's Trade Dress of an oversized wearable blanket, that has large arm coverings, a large hood, a sherpa lining, elastic wrist cuffs and a large front pocket, and associate such features to signify the product is a genuine Cozy Comfort's THE COMFY.

53.    The combination of elements comprising Cozy Comfort's Trade Dress is non-functional as each feature could be accomplished with different design choices, without affecting cost or quality, to convey a different product that does not embody the same, or confusingly similar, features that customers have come to recognize as THE COMFY.

54.    The Cozy Comfort Trademarks and Trade Dress are famous for wearable blankets in the United States.

55.    Plaintiff markets these features such that customers recognize such features as THE COMFY Trade Dress.  For example, on the packaging shown below, Plaintiff promotes these features and highlights them with text such as: "Oversized Everything, large enough to pull legs/arms in," "Giant Pocket,"

"Portable Warmth," "Huge Hood," and "Luxurious Material so soft, you'll never want to take it off ."



56.     THE COMFY is sold in over 100 countries and through recognized retail establishments such as Costco, Bed Bath & Beyond, QVC, Sam's Club, Kohl's, Target and Kroger.  As a result of this exposure, consumers have come to recognize Cozy Comfort's Trade Dress features through the promotion, sales, and publicity of THE COMFY.

57.     Consumers have grown to recognize THE COMFY and Plaintiff's related products as the industry standard for wearable blankets and identify the unique shape of Plaintiff's hooded wearable blankets as coming from a distinct source.

58.     Plaintiff's Trade Dress is readily recognizable to consumers.  Plaintiff has received, and continues to receive, complaints from confused consumers who

purchase knock off goods that copy Plaintiff's Trade Dress with the expectation that they are buying a genuine THE COMFY.

59.    Defendant Davie Clothing did not enter the market until it had seen the success of THE COMFY. As a result, Defendants and others were quick to enter the market to flood the market space.  Although Plaintiff developed and invested in multiple intellectual property assets protecting THE COMFY, those assets took time to mature from applications into published registrations and issued protectable rights.  Plaintiff is now in the position of having to enforce its rights against a number of infringers.  THE COMFY brand, and recognized trade dress, is so successful it is now being counterfeited by pirates trying to capitalize on the goodwill and reputation that Cozy Comfort created.

60.    Defendant Davie Clothing is aware of the similarities between its product, THE OODIE, and THE COMFY.  Throughout its company websites, including within multiple product listings featured on https://us.theoodie.com/, Defendant displays the following graphic:



(https://theoodie.com/products/pink-blanket-hoodie)

61.    In the graphic shown immediately above, the terms "Competition" and "Competitors" are intended to refer directly to THE COMFY.  THE COMFY

measures 85 centimeters [33.5 Inches] from the bottom of the front of the product to the shoulder seam. THE COMFY predates the introduction of THE OODIE to the market and the formation of Defendant Davie Clothing as an entity.  THE COMFY is the worldwide industry standard for hooded wearable blankets with millions of units sold per year, including sales to Australia.  Defendant Davie Clothing has knowingly and willfully sold products which directly replicate the intellectual property of Plaintiff.  Under the direction of Defendant Davie Clothing, such products have been intentionally marketed, offered for sale, imported and sold to U.S. based customers, in violation of Plaintiff's rights.  Defendant Bedabox has imported and distributed such products within the U.S.

62.    In addition, the types of materials used to construct THE OODIE and THE COMFY are substantially the same.  THE COMFY is constituted of a fleece microfiber layer and a sherpa layer.  THE OODIE is advertised to be constituted of a flannel fleece layer and sherpa layer.  Both feature an oversized front pouch, hood and elastic cuffs.

63.    A comparison below of advertising photographs from Amazon.com of THE COMFY shown on the top, and THE OODIE shown on the bottom, highlights the substantial similarity between the products.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**COMPLAINT AND DEMAND FOR JURY TRIAL**



64.    Defendant Davie Clothing has knowingly and intentionally replicated the look and feel of THE COMFY to sell products from Australia.  However, subsequent to the expansion of the market within the United States and worldwide created directly by Plaintiff, THE OODIE is now sold, imported and distributed within the United States in association with Defendant Bedabox in violation of Plaintiff's U.S. intellectual property rights.

65.    On November 2, 2020, Plaintiff provided notice to Defendant Davie Clothing of its infringing activities via a letter submitted to Defendant Davie Clothing and its attorneys ("November 2nd Letter").  The letter particularly highlighted Defendants' infringement of the '788 Patent and Plaintiff's Trade Dress.

66.    On November 25, 2020, Defendant Davie Clothing acknowledged receipt of and responded to Plaintiff's November 2nd Letter via a letter sent from its U.S. based attorneys ("November 25th Letter").  Defendant Davie Clothing denied

any wrongdoing and stated that it would continue to offer THE OODIE for sale to U.S. based customers.

67.   On December 22, 2020, the '380 Patent issued.

68.   On December 24, 2020, Plaintiff submitted an additional letter to attorneys for Defendant Davie Clothing ("December 24th Letter").  This letter responded to several issues referenced in Defendant's November 25th Letter and included reference to infringement of Plaintiff's newly-issued '380 Patent.

69.   On January 17, 2021, Defendant Davie Clothing responded to Plaintiff's December 24th Letter stating that Defendant's activities did not infringe upon any of Plaintiff's intellectual property rights and that Defendant intended to continue to sell its products within the United States.  Therefore, Defendants continue to offer for sale, sell and/or import goods infringing upon the intellectual property rights of Plaintiff, despite explicit demands of Plaintiff to stop.

70.   Upon information and belief, Defendant Davie Clothing has known of the existence of THE COMFY for years, likely since Defendant's inception as a business.  At the absolute latest, by November 2, 2020, Defendant was aware of the existence of Plaintiff's pre-existing U.S. patents and other intellectual property rights.  Notwithstanding, Defendants have been willful in their disregard of Plaintiff's intellectual property rights without any reasonable basis for believing that they had the right to sell or import THE OODIE within the United States.

## FIRST CLAIM FOR RELIEF

### (Infringement of The '788 Patent – 35 U.S.C. §271)

71.   Plaintiff hereby incorporates and realleges paragraphs 1 through 70 as if fully set forth herein.

72.   Defendants, without authorization from Plaintiff, have offered for sale, sold, and/or imported into the U.S., including within this District, a hooded wearable blanket marketed as THE OODIE, having a design that infringes the '788 Patent.

73.   By the foregoing acts, Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of the '788 Patent in violation of 35 U.S.C. § 271.

74.   Upon information and belief, Defendants' infringement has, and continues to be, knowing, intentional and willful.

75.   Defendants' acts of infringement of the '788 Patent has caused, and will continue to cause, Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

76.   Upon information and belief, Defendants have gained profits by virtue of their infringement of the '788 Patent.

77.   Defendants' acts of infringement of the '788 Patent has caused, and will continue to cause, Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283 as Plaintiff has no adequate remedy at law.

78.   The circumstances surrounding Defendants' infringement are exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## <u>SECOND CLAIM FOR RELIEF</u>

### (Infringement of The '380 Patent – 35 U.S.C. §271)

79.   Plaintiff hereby incorporates and realleges paragraphs 1 through 78 as if fully set forth herein.

80.   Defendants, without authorization from Plaintiff, have offered for sale, sold, and/or imported into the U.S., including within this District, a hooded wearable blanket marketed as THE OODIE, having a design that infringes the '380 Patent.

81.   By the foregoing acts, Defendants have directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of the '380 Patent in violation of 35 U.S.C. § 271.

82.    Upon information and belief, Defendants' infringement has, and continues to be, knowing, intentional and willful.

83.    Defendants' acts of infringement of the '380 Patent has caused, and will continue to cause, Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289.

84.    Upon information and belief, Defendants have gained profits by virtue of their infringement of the '380 Patent.

85.    Defendants' acts of infringement of the '380 Patent has caused, and will continue to cause, Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283 as Plaintiff has no adequate remedy at law.

86.    The circumstances surrounding Defendants' infringement are exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

### (Federal Trade Dress Infringement and Unfair Competition – 15 U.S.C. §1125(a))

87.    Plaintiff hereby incorporates and realleges paragraphs 1 through 86 as if fully set forth herein.

88.    Defendants make, import, distribute, use, offer to sell, and sell in the U.S. products that directly infringe Plaintiff's Trade Dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff has actively marketed, promoted, and sold continuously THE COMFY Trade Dress such that it has acquired secondary meaning within the relevant market and among the U.S. public. Defendants has used THE COMFY Trade Dress without the authorization of Plaintiff and continues to trade off the goodwill created and maintained by Plaintiff in THE COMFY Trade Dress.

89.    Defendants' unauthorized use of Plaintiff's Trade Dress is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants is in some way affiliated with or sponsored by Plaintiff.

90.    Defendants' unauthorized use in commerce of Plaintiff's Trade Dress as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

91.    The foregoing use in commerce by Defendants of Plaintiff's Trade Dress has caused and/or is likely to cause confusion, or mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, or commercial activities by Plaintiff.

92.    Defendants' acts are willful and are intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

93.    Defendants' infringement of Plaintiff's Trade Dress as aforesaid has caused and is likely to continue to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 35 and 36 of the United States Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117 and 1118.

94.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

95.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court as Plaintiff has no adequate remedy at law.

96.    Defendants have unlawfully and wrongfully derived income and profits and have been unjustly enriched by the foregoing acts. Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law.

97.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trade Dress Infringement and Unfair Competition)

98.    Plaintiff hereby incorporates and realleges paragraphs 1 through 97 as if fully set forth herein.

99.    Defendants make, import, distribute, use, offer to sell, and sell in the U.S. products that directly infringe Plaintiff's Trade Dress in violation of A.R.S. §§ 44-1451 & 1452, et. seq. Plaintiff has actively marketed, promoted, and sold continuously THE COMFY Trade Dress such that it has acquired secondary meaning within the relevant market and among the U.S. public. Defendants have used THE COMFY Trade Dress without the authorization of Plaintiff and continue to trade off the goodwill created and maintained by Plaintiff in THE COMFY Trade Dress.

100.   By virtue of Defendants' foregoing acts Defendants have intentionally caused a likelihood of confusion among the public and has unfairly competed with Plaintiff in violation of the common law of the State of Arizona and A.R.S §44-1451 and §44-1452.

101.   This claim for common law unfair competition arises under the common law of the State of Arizona.

102.   The foregoing use in commerce by Defendants of Plaintiff's Trade Dress has caused and/or is likely to cause confusion, or mistake, or to deceive

consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, or commercial activities by Plaintiff.

103.   Defendants' acts are willful.

104.  By reason of the foregoing, Plaintiff has sustained, and unless Defendants are enjoined, will continue to sustain, injury and damage.

105.  Defendants have unlawfully and wrongfully derived income and profits and has been unjustly enriched by the foregoing acts. Defendants' acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law.

106.  Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

107.  Because Defendants engaged in knowing, willful, and conscious disregard for the rights of Plaintiff, Defendants are guilty of oppression, fraud and malice, entitling Plaintiff to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

108.  Plaintiff hereby incorporates and realleges paragraphs 1 through 107 as if fully set forth herein.

109.  As a result of the conduct alleged herein, Defendants have been unjustly enriched to Plaintiff's detriment.  Plaintiff therefore seeks an accounting and disgorgement of all ill-gotten gains and profits resulting from Defendants' inequitable activities.

## DEMAND FOR JURY TRIAL

29

110.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.    A judgment and order adjudicating and declaring that Defendants have infringed the '788 Patent;

B.    A judgment and order adjudicating and declaring that Defendants have infringed the '380 Patent;

C.    A judgment and order adjudicating and declaring that Defendants have engaged in unfair competition;

D.    A judgment and order permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from further infringement of the '788 Patent, the '380 Patent and Plaintiff's Trade Dress;

E.    A judgment and order that Defendants must account and pay actual damages (but no less than a reasonable royalty), to Plaintiff for Defendants' infringement of the '788 Patent, the '380 Patent and/or Plaintiff's Trade Dress;

F.    A judgment and order awarding Plaintiff the total profits realized by Defendants from their infringement of the '788 Patent and/or the '380 Patent pursuant to 35 U.S.C. § 289;

G.    A judgment and order declaring Defendants have willfully infringed the '788 Patent, the '380 Patent and/or Plaintiff's Trade Dress;

H.    A judgment and order awarding Plaintiff enhanced damages up to three times any amount ordered under 35 U.S.C. § 284 and the amount found

as actual damages for Defendants' trade dress infringement under 15 U.S.C. § 1117(a);

I.   A judgment ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

J.   A determination that this case is exceptional under 35 U.S.C. § 285;

K.   A determination that this case is exceptional under 15 U.S.C. § 1117;

L.   A judgment and order awarding Plaintiff its reasonable attorneys' fees;

M.   A judgment and order awarding Plaintiff its costs, expenses, and interest, including pre-judgment and post-judgment, as provided for by 35 U.S.C. § 284 and 15 U.S.C. § 1117;

N.   A judgment and order awarding pre-judgment and post-judgment interest on each and every monetary award; and

O.   Granting Plaintiff any such other and further relief as this Court deems just and proper, or that Plaintiff may be entitled to as a matter of law or equity.

DATED:  February 19, 2021                 MESSNER REEVES LLP


                                          /s/ Gregory P. Sitrick
                                          Gregory P. Sitrick
                                          Attorneys for Plaintiff Cozy Comfort
                                          Company LLC

**COMPLAINT AND DEMAND FOR JURY TRIAL**